IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:15-CV-136-FL

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )
                                )
    v.                          )           **ORDER**
                                )
RUSSELL LEDBETTER, et al,       )
                                )
        Defendant.              )

This matter is before the undersigned on the Plaintiff's request for entry of default [DE-13]. Therein, Plaintiff requests that the undersigned enter default as to Defendants Russell Ledbetter and Sun Trust Commercial Credit Services.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In this case, the undersigned finds that entry of default is appropriate as to Defendant Russell Ledbetter. The record shows that Defendant Russell Ledbetter was personally served in accordance with Rule 4(e)(2)(A).

The court cannot so find, however, as to Defendant Sun Trust Commercial Credit Services. Plaintiff filed an affidavit of service as to this defendant on September 28, 2015 [DE-11]. The affidavit of service, which was completed by a private process server, states that "Suntrust Commercial Credit Services" was served on September 4, 2015, by leaving a copy of the summons and complaint with Donjia McDonald, who is identified as the registered agent of the defendant. Confusingly, the affidavit denominates the address of the place of service as a "residence," but checks **"Substituted at Business"** as the manner of service, which is described

as "leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof."

Under Federal Rule of Civil Procedure 4(h), proper service upon an organizational defendant is effected by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or service is made, or by delivering a copy of the summons and of the complaint, to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1). Although the affidavit of service identifies Donjia McDonald as the registered agent for "Suntrust Commercial Credit Services," she is not listed as such with the Secretary of State for Georgia.[1] Nor is there any indication that she is an officer or managing agent of the defendant. Accordingly, it does not appear that Plaintiff effected service in accordance with the latter half of Rule 4(h)(1). Thus, Plaintiff effected proper service only if it complied with North Carolina or Georgia law.

Georgia law tracks the federal rules, and requires personal service upon a corporation's "president or other officer . . . , a managing agent thereof, or a registered thereof, provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent . . . upon whom process . . . may be served." Ga. Code. Ann. § 9-11-4(e)(1)(A). A managing agent is defined as "a person employed by a corporation or a foreign corporation who is at an office or facility in [Georgia] and who has managerial or supervisory authority for such corporation or foreign corporation." *Id.* §9-11-4(e)(1)(B). Consequently, for the same reasons Plaintiff failed to show proper service under Rule 4(h)(1)(B), Plaintiff has not shown proper service under Georgia law.

---

[1] As discussed below, there is no listing on the Georgia Corporations Division internet site for "Sun Trust Commercial Credit Services."

Like the federal rules and Georgia, North Carolina allows for service on a corporation by delivering a copy of the summons and complaint "to an officer, director, or managing agent of the corporation." N.C. R. Civ. P. 4(j)(6)(a). North Carolina law also allows for proper service "by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office." N.C. R. Civ. P. 4(j)(6)(a). Additionally, service may be effected by delivering a copy of the summons and complaint "to an agent authorized by appointment or by law . . . to accept service of process or by serving process upon such agent or the party in a manner specified by any statute." N.C. R. Civ. P. 4(j)(6)(b). North Carolina courts have interpreted the latter provision as allowing service on a registered agent in any manner allowed by any statute. *See Great Dane Trailers, Inc. v. North Brook Poultry, Inc.*, 35 N.C. App. 752, 754-55, 242 S.E.2d 533, 535 (1978) (finding proper service where a copies of the summons and complaint were left at the registered agent's house with his wife); *see also Storey v. Hailey*, 114 N.C. App. 173, 441 S.E.2d 602 (1994) (finding effective service where a copy of the summons was left with the process agent's law partner at their law office, rather than being served personally on the process agent).

In this case, the process server's statements in the affidavit of service are equivocal as to the Donjia's McDonald's identity. She could be the registered agent, or she could be the person "apparently in charge" of the office of the registered agent. In any event, and as the undersigned already has observed, there is no indication that Donjia McDonald is in fact the registered agent for defendant. Searches of the Georgia Secretary of State's Corporation Division internet site reveal that no entity lists Donjia McDonald as a registered agent. Nor is there a listing for an entity called for "Sun Trust Commercial Credit Services." Additionally, the address listed on the affidavit of service—211 Perimeter Center West Parkway, Atlanta, Georgia—is not listed as the

address for any entity with "Sun Trust" in its name. Against these public records, the undersigned cannot find that Plaintiff has served this defendant by delivering a copy to the defendant's registered agent <u>or</u> leaving a copy in the office of the registered agent with the person apparently in charge thereof.

Without being properly served, a defendant has no obligation to file an answer or appear in this action. *See Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."), *Henderson v. Los Angeles Cnty.* No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered"); *see also* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, Plaintiff's request for entry of default [DE-13] is GRANTED solely as to Defendant Russell Ledbetter. It is DENIED without prejudice as to Defendant Sun Trust Commercial Credit Services. This denial is without prejudice to Plaintiff to file a renewed motion for entry of default within 30 days.

SO ORDERED. This the 30th day of November, 2015.

Julie Richards Johnston
Clerk of Court