UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:15-CV-136-RN

**United States of America**,

        Plaintiff,

v.

**Russell Ledbetter**, et. al,

        Defendants.

**Order**

The Government claims that Russell Ledbetter[1] has repeatedly failed to pay his income taxes. It initiated this action to obtain a judgment for the unpaid assessments, penalties, and interest that he owes and to foreclose on various properties he owns that are the subject of federal tax liens. Ledbetter, for his part, has failed to respond to the Complaint, resulting in the entry of a default against him. The Government now seeks a default judgment against Ledbetter as to Count I of the Complaint. The Government's submissions sufficiently demonstrate that it is entitled to the relief it seeks and, therefore, the Motion for Default Judgment will be granted.

**I.    Procedural History**

The Government filed a Complaint against Russell Ledbetter, Catherine Ledbetter, and Sun Trust Commercial Credit Services on August 18, 2015[2] seeking to recover taxes owed by Ledbetter from 2003, 2004, 2005, and 2009. Count I seeks a monetary judgment for the amounts Ledbetter owes and Counts II and III seek foreclosure of federal tax liens against two properties

---

[1] Although both Russell Ledbetter and his wife, Catherine Ledbetter, are parties to this action, any references to Ledbetter are referring to Russell Ledbetter.

[2] Catherine Ledbetter and Sun Trust are included as defendants because they may have, or claim, an interest in either of the properties referenced in Counts II and III of the Complaint.

Ledbetter owns. After Ledbetter failed to respond to the Complaint, the Clerk of Court entered a default against him on November 30, 2015.

After some shifting of the parties not relevant to this motion, the Government filed a Motion for Entry of Default Judgment against Ledbetter as to Count I of the Complaint. D.E. 30. The Government attached an affidavit by Janice Sherian, the IRS Revenue Officer assigned to collect the unpaid income taxes from Ledbetter, and IRS records as proof of the amount owed by Ledbetter. D.E. 30-1, 30-2. Russell Ledbetter did not respond to the motion within the time allowed by the local rules. The Government seeks $122,881 in unpaid taxes, penalties, and interest for the 2003 tax year; $1,700,564 for the 2004 tax year; $317,348 for the 2005 tax year; and $359,168 for the 2009 tax year. D.E. 30-1. In total, Ledbetter owes $2,500,051, plus any further statutory additions that accrue until the amount is paid. *Id*.

**II.      Factual Background**

In February 2009 and November 2010, a delegate of the Secretary of Treasury made assessments against Ledbetter for unpaid income taxes from the 2003, 2004, 2005, and 2009 tax years. D.E. 1 ¶ 8. The Government gave notice to Ledbetter of the outstanding amount and demanded payment. *Id.* ¶ 9. As of June 27, 2016, taking into account penalties and interest, Ledbetter owes the Government $2,500,051, and further statutory additions will accrue until the amount is paid. D.E. 30-1.

**III.     Discussion**

The question before the court is whether the Government is entitled to a default judgment against Russell Ledbetter and, if so, the appropriate award of damages. Prior to entering a default judgment, the court must "determine whether the well-pleaded allegations in [the] complaint support the relief sought." *Ryan v. Homecoming Fin. Network*, 253 F.3d 778, 780 (4th Cir.

2

2001). A defendant, "by his default, admits the plaintiff's well-pleaded allegations of fact." *Id.* (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)) (internal quotations omitted). However, a defaulted defendant does not admit conclusions of law, *id.*, or facts that are not well-pleaded, *DIRECTV, Inc. v. Pernites*, 200 F. App'x 257, 258 (4th Cir. 2006) (per curiam).

Once the court determines that "the well-pleaded allegations in [the] complaint support the relief sought, *Ryan*, 253 F.3d at 780, it must then determine the appropriate amount of damages. *EEOC v. Carter Behavior Health Servs., Inc.*, No. 4:09-CV-00122-F, 2011 WL 5325485, at *4 (E.D.N.C. Oct. 7, 2011). "The court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages." *Id.* In order to make the determination of damages, a court may conduct an evidentiary hearing or rely on affidavits or documentary evidence in the record. *Id.*

Here, the Government provides evidence of a proper assessment against Ledbetter. In the Complaint, the Government states that a delegate of the Secretary of Treasury made income tax assessments against Ledbetter on February 16, 2009, and November 22, 2010, and that interest and penalties have accrued on the assessments. D.E. 1. The Government further alleges that notices and demands for payment of the assessments have been made on Ledbetter, and that he has failed to pay them. *Id*. Ledbetter has conceded the truth of these allegations by failing to respond to the Complaint.

The Government also provided Ledbetter's tax records as evidence of the assessments. D.E. 30-2. The tax records show that the assessments were made and that penalties were correctly made against him under 26 U.S.C. §§ 6651 and 6654 for failure to pay amounts due and failure to make required tax deposits. 26 U.S.C. §§ 6651, 6654 (2012); D.E. 30-2.

3

Additionally, the records show that interest was properly assessed against Ledbetter under 26 U.S.C. § 6601. 26 U.S.C. § 6601 (2012); D.E. 30-2. In total, as of June 27, 2016, the Government has demonstrated that Ledbetter owes $2,500,051, plus statutory additions accruing thereafter until paid. D.E. 30, 30-2. The Government has demonstrated that it is entitled to the relief it seeks and its motion for a default judgment will be granted.

**IV.      Conclusion**

For the foregoing reasons, the undersigned grants the Government's Motion for Entry of Default Judgment as to Count I of the Complaint. The Clerk of Court shall enter a judgment in favor of the United States of America as follows:

1. Defendant Russell Ledbetter is indebted to the United States in the amount of $122,881 as of June 27, 2016, for income taxes, penalties, and interest, relating to the year 2003, plus statutory additions until paid;

2. Defendant Russell Ledbetter is indebted to the United States in the amount of $1,700,654 as of June 27, 2016, for income taxes, penalties, and interest relating to the year 2004, plus statutory additions until paid;

3. Defendant Russell Ledbetter is indebted to the United States in the amount of $317,348 as of June 27, 2016, for income taxes, penalties, and interest, plus statutory additions until paid relating to the year 2005, plus statutory additions until paid; and

4. Defendant Russell Ledbetter is indebted to the United States in the amount of $359,168 as of June 27, 2016 for income taxes, penalties, and interest relating to the year 2009, plus statutory additions until paid.

Dated: August 4, 2016

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE